UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM BLASINGAME III,

    Plaintiff,

v.                                  CAUSE NO. 3:21-CV-384 DRL-MGG

JOHN GALIPEAU *et al.*,

    Defendants.

## OPINION AND ORDER

William Blasingame III, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Blasingame, an inmate at Westville Correctional Center, alleges that in February 2021 he was trying to open a window when "lead and rust" got into his eyes. He washed his eyes with water and then took a nap. When he awoke, his right eye had a "huge lump" on it. He submitted medical requests; but, because he was moved to a new

dorm during this period, he could not be seen by medical staff due to quarantine procedures that required him to stay in his cell for 14 days. In late March 2021, he was seen by Nurse Patel (first name unknown), who examined his eye and told him she would schedule him to see the doctor. He claims she failed to do so, so he put in another medical request. He was scheduled to see Nurse Patel again on April 8, 2021, but she allegedly refused to see him, telling him that he did not respond when she called his name in the waiting area. He showed her his swollen eye and told her he needed to be seen. She allegedly responded, "I don't care about your eye." He put in another medical request and was seen by Dr. Andrew Liaw on April 10, 2021. Since that date, Dr. Liaw has prescribed two different antibiotics, which Mr. Blasingame claims have not gotten rid of the lump. He claims that the second antibiotic given to him in late May 2021 caused an allergic reaction, for which he had to be taken to urgent care and given two shots. He claims that as of the date he filed the complaint (May 26, 2021), the situation was still ongoing.

Inmates are entitled to constitutionally adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they

2

entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, a "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Thus, "a doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry*, 604 F.3d at 441.

Giving Mr. Blasingame the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim for monetary damages against Nurse Patel. He alleges that she failed to provide him with any care for a serious problem with his eye in late March 2021 or schedule him to see the doctor, and then turned him away in April 2021 even though he had a visibly swollen eye, telling him, "I don't care about your eye." He will be permitted to proceed past the pleading stage against this defendant.

He also sues Dr. Liaw, but the complaint reflects that the doctor did not become involved in these events until April 10, 2021. Since that time, the doctor has prescribed

3

two different antibiotics to address Mr. Blasingame's problem. Although Mr. Blasingame apparently had an allergic reaction to the second medication, there is no factual content in the complaint to suggest plausibly that the doctor knew Mr. Blasingame was allergic to this medication or was otherwise deliberately indifferent to his health and safety in prescribing it. The complaint also reflects that Mr. Blasingame received prompt medical care to address the symptoms of the allergic reaction. It can be discerned that Mr. Blasingame filed his complaint only a day or two after having the allergic reaction, and there is no basis in the complaint to suggest that Dr. Liaw acted with deliberate indifference to Mr. Blasingame's medical needs during that brief period. He will not be permitted to proceed against Dr. Liaw on a claim for damages.

Likewise, he names Medical Director Dorothy Livers as a defendant, but he does not mention her in the narrative section of the complaint. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and Director Livers cannot be held liable for damages solely because she supervises other medical staff at Westville. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no factual content in the complaint to plausibly suggest that she herself was deliberately indifferent to Mr. Blasingame's medical needs. He will not be permitted to proceed against this defendant.

His complaint can also be read to seek injunctive relief related to his ongoing need for medical care, and Warden John Galipeau has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311,

4

315 (7th Cir. 2011). Therefore, Mr. Blasingame will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical care for his eye.

He also sues John Harvil, the grievance specialist at Westville, for mishandling the grievances he filed about his medical care. The Constitution does not require that prisons provide a grievance procedure at all, nor does the existence of an internal complaint procedure create any constitutionally guaranteed rights. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). Mr. Blasingame does not allege, nor is there any plausible basis to infer, that the grievance specialist somehow created the problem with his eye, that he was personally responsible for providing medical treatment to inmates, or that he stood in the way of this issue being resolved by the responsible staff members. "The most one can say is that [he] did nothing, when [he] might have gone beyond the requirements of [his] job and tried to help him." *Burks*, 555 F.3d at 596. This does not state a claim under section 1983. *Id.* Accordingly, the grievance specialist will be dismissed.

As a final matter, Mr. Blasingame seeks preliminary injunctive relief in his complaint. Such requests should be made in a separate motion under Federal Rule of Civil Procedure 65; but, given Mr. Blasingame's *pro se* status, the court will direct the clerk to separately docket the complaint as a motion for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable

5

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). Accordingly, the court will order the Warden to respond to the request for a preliminary injunction before taking further action.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse Patel (first name unknown) in her personal capacity for monetary damages for denying the plaintiff adequate medical care for his eye in March and April 2021 in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity for injunctive relief related to his ongoing need for constitutionally adequate medical care for his eye;

(3) DISMISSES all other claims;

(4) DISMISSES Andrew Liaw, Dorothy Livers, and John Harvil as defendants;

(5) DIRECTS the clerk to separately docket the complaint as a motion for preliminary injunction;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Patel (first name unknown) at Wexford of Indiana, LLC, and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request a Waiver of Service from the Westville Correctional Facility Warden by email to the Indiana Department of Correction with a copy of this order, the complaint, and the motion for preliminary injunction pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to fax or email a copy of the same documents to the Warden at the Westville Correctional Facility;

(9) DIRECTS the United States Marshals Service to **immediately** serve process by certified mail pursuant to 28 U.S.C. § 1915(d) on the Westville Correctional Facility Warden;

(10) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(11) ORDERS the Warden to file and serve a response to the motion for a preliminary injunction as soon as possible, but no later than **July 28, 2021**, with supporting medical documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical condition, what medical evaluations and treatment he has received to date, and what future course of treatment, if any, has been prescribed; and

(12) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden John Galipeau and Nurse Patel (first name unknown) respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 7, 2021                                                   *s/ Damon R. Leichty*
                                                               Judge, United States District Court