UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM BLASINGAME III,

Plaintiff,

v.

CAUSE NO. 3:21-CV-384 DRL-MGG

JOHN GALIPEAU *et al.*,

Defendants.

OPINION AND ORDER

William Blasingame III, a prisoner proceeding without a lawyer, seeks preliminary injunctive relief related to his need for medical care for an eye infection. (ECF 6.) The court ordered a response from the Warden at Westville Correctional Facility, which has now been received. (ECF 13.)

As outlined in the screening order, Mr. Blasingame alleges he is not being given proper treatment for an eye infection. He was permitted to proceed on an Eighth Amendment claim for money damages against one of the nurses at the facility and a claim for injunctive relief against the Warden related to his need for proper treatment. The court dismissed a number of other defendants and claims. At present, he seeks a preliminary injunction requiring the Warden to provide him with "adequate health care" for his eye condition.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). The court must also bear in mind that "[p]rison officials have broad administrative and discretionary authority over the institutions they manage." *Id.* at 683 (citation omitted).

2

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care, although they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Mere disagreement with a medical professional does not establish an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Instead, the court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted).

The records before the court reflect that Mr. Blasingame first reported an eye problem to medical staff in early April 2021. (ECF 13-1 ¶ 5; ECF 13-2 at 14-17.) He was diagnosed with having a cyst or "stye," a type of eye infection resulting from the glands on the eyelid becoming clogged. (ECF 13-1 ¶ 11.) Such infections are common and can be caused by a variety of environmental and genetic factors. (ECF 13-1 ¶ 26.) Since April 2021, medical providers prescribed three different antibiotics to address the infection. (ECF 13-2 at 1-17.) In subsequent visits, it was noted that the condition had improved, but not resolved completely. (*Id.* at 4.) A referral was made to the facility's eye doctor. (*Id.*) On June 14, 2021, Mr. Blasingame was seen by the eye doctor, who prescribed a one-month course of a stronger antibiotic than what he had previously been given. (ECF *Id.* at 1.)

Based on the record, and in light of the discretion afforded to prison medical providers, Mr. Blasingame has not demonstrated a reasonable likelihood of success on his claim that he is receiving inadequate medical care, or that he will suffer irreparable injury if a preliminary injunction is not granted. Medical records reflect that he is presently under the care of an eye doctor and is receiving a one-month course of antibiotics to address his condition. He has not shown an entitlement to an order requiring that he be given additional medical while this case is pending.

For these reasons, the motion for a preliminary injunction (ECF 6) is DENIED.

SO ORDERED.

June 25, 2021                                          *s/ Damon R. Leichty*
                                                      Judge, United States District Court