UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM BLASINGAME III,

　　　　　Plaintiff,

v.						CAUSE NO. 3:21-CV-384-DRL-MGG

JOHN GALIPEAU *et al.*,

　　　　　Defendants.

OPINION AND ORDER

William Blasingame III, a prisoner without a lawyer, is proceeding in this case on two claims. First, he sued Nurse Dishita Patel "in her personal capacity for monetary damages for denying the plaintiff adequate medical care for his eye in March and April 2021 in violation of the Eighth Amendment[.]" ECF 5 at 7. Second, he sued "Warden John Galipeau in his official capacity for injunctive relief related to his ongoing need for constitutionally adequate medical care for his eye[.]" *Id.*

On October 26, 2021, Warden Galipeau filed a motion for summary judgment, arguing Mr. Blasingame did not exhaust his administrative remedies before filing suit. ECF 38.[1] Mr. Blasingame filed several unsigned responses to the summary judgment motion. ECF 45, 47, 49, 54. The court entered an order striking Mr. Blasingame's unsigned responses and instructing him to submit one complete, signed response by January 3, 2022. ECF 55. This deadline passed over four months ago, but Mr. Blasingame has not

---

[1] Nurse Patel has not moved for summary judgment.

filed a response. The court will now rule on Warden Galipeau's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

2

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants tender Mr. Blasingame's grievance records, which left undisputed establish a record for summary judgment. On May 7, 2021, Mr. Blasingame submitted a grievance, complaining he was receiving inadequate medical treatment for an ongoing issue with his right eye. ECF 39-3 at 5. The grievance office rejected the May 7 grievance on the grounds that it listed the wrong incident date and left blank the section describing the requested relief. *Id.* at 4.

On May 27, 2021, Mr. Blasingame submitted another grievance, again complaining he was receiving inadequate medical treatment for an ongoing issue with his right eye and requesting he receive adequate medical care. *Id.* at 10. The May 27 grievance listed an incident date of "2-24-21 and ongoing current to date." *Id.* On June 8, 2021, the

3

grievance office rejected the May 27 grievance on the grounds that (1) it was untimely, (2) there was no indication Mr. Blasingame was personally affected by the action described or the complaint was submitted on behalf of another person or group, and (3) Mr. Blasingame had already been seen in medical for his complaints. *Id.* at 9.

The defendants argue Mr. Blasingame did not exhaust his administrative remedies before filing this lawsuit because the grievance office properly rejected both his grievance attempts. ECF 39 at 9. But the record shows the grievance office improperly rejected Mr. Blasingame's May 27 grievance. The grievance office didn't provide a valid basis for rejecting the grievance.

First, the grievance office improperly rejected the May 27 grievance as untimely. The record shows the May 27 grievance complained of an ongoing injury. Specifically, Mr. Blasingame complained in the May 27 grievance that he had an ongoing issue with his right eye and was actively being denied adequate medical treatment. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (noting that every day that the defendants had "prolonged [an inmate's] agony by not treating his painful condition marked a fresh infliction of punishment"); *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) (holding that, as long as jail officials are aware of the inmate's need for treatment and refuse to act, the refusal continues as long as the officials had the power to act); *Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (determining that an examiner had failed to explain why a grievance was untimely where the grievance complained of continuous pain resulting from an injury). Because Mr. Blasingame alleged he was actively being denied adequate

4

medical treatment for his right eye at the time he filed his May 27 grievance, the grievance was timely submitted.

Second, the grievance office improperly rejected the May 27 grievance as raising an issue that did not personally affect Mr. Blasingame or was submitted on behalf of another person or group. Mr. Blasingame said he was being denied adequate medical treatment. That issue affected him personally. He submitted the grievance as his own complaint. This reason for rejecting the grievance thus made no sense.

Third, the grievance office improperly rejected the May 27 grievance on the ground Mr. Blasingame already had received treatment for his complaints. Such a determination would address the grievance's merits, so it wasn't a reason rejecting the grievance, only perhaps to deny it. There is no requirement in the Offender Grievance Process that a grievance must be meritorious to be properly submitted, else any number of grievances would be rejected out of hand before being considered on their merits. *See* ECF 39-2 at 9-10 (listing the standards of a properly submitted grievance).

Thus, the record shows the grievance office improperly rejected Mr. Blasingame's May 27 grievance, which made the grievance process unavailable to him. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance").

The defendants also argue that Mr. Blasingame failed to exhaust his administrative remedies because he did not appeal the grievance office's response to his grievances. ECF 39 at 9. But the grievance process only provides a mechanism to appeal grievances that have been denied on the merits. ECF 39-2 at 12-13. There is no evidence the grievance

process provided any mechanism for Mr. Blasingame to appeal the grievance office's rejection of the May 27 grievance. Because the record shows the grievance office made Mr. Blasingame's administrative remedies unavailable by improperly rejecting his May 27 grievance, Warden Galipeau has not met his burden to show failure to exhaust.

For these reasons, the court DENIES Warden Galipeau's motion for summary judgment (ECF 38).

SO ORDERED.

May 10, 2022                          *s/ Damon R. Leichty*
                                      Judge, United States District Court